UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
EDGAR ERAZO, on behalf of
himself and others similarly situated,

                                                                     **COMPLAINT**

                          Plaintiff,

        -against-

521 HICKS INC. d/b/a VEKSLERS,
ERIC WALTER VEKSLER and
ROBERT GENNADY VEKSLERS, individually,

                           Defendants.
-------------------------------------------------------------------------X

Plaintiff Edgar Erazo ("Plaintiff" or "Erazo"), by and through his attorney, The Law Offices of Jacob Aronauer complaining of 521 Hicks Inc. d/b/a Vekslers, Eric Walter Veksler and Robert Gennady Vekslers, individually (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff to recover compensation for unpaid minimum wages and notice damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff also brings this action for unlawful retaliation against Defendants for terminating him in response to him being asked to be paid in compliance with the law.

3. Plaintiff also brings this action because Defendants unpaid and/or misappropriated Plaintiff's tips.

4. Plaintiff also brings this action under the Wage Theft Prevention Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

5. Plaintiff also seeks injunctive and declaratory relief through liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Edgar Erazo**

9. Plaintiff is and was at all times relevant hereto an adult individual residing in Kings County, New York.

10. From approximately October 2018 to January 2022, Plaintiff worked as a deliveryman, dishwasher, and cleaner at Vekslers located at 521 Hicks Street, Brooklyn, NY 11231.

11. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendant 521 Hicks Inc d/b/a Veksler**

12. Defendant Veksler is a business incorporated in the State of New York, with its principal place of business located at 521 Hicks Street, Brooklyn, NY 11231.

13. At all times relevant to this action, Veksler was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. On information and belief, Defendants Eric Walter Veksler and Robert Gennady Veksler currently own and maintain control, oversight, and direction over Veksler.

15. On information and belief, Veksler has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

**Defendant Eric Walter Veksler**

16. Defendant Eric Walter Veksler exercises sufficient control over Veksler to be considered Plaintiff's employer under the FLSA and NYLL.

17. Defendant Eric Walter Veksler is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Veksler.

18. Defendant Eric Walter Veksler exercises sufficient control over Veksler to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

19. Defendant Eric Walter Veksler employed Plaintiff and similarly situated employees at all times relevant.

20. Defendant Eric Walter Veksler had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

**Defendant Robert Gennady Vekslers**

21. Defendant Robert Gennady Vekslers exercises sufficient control over Seven Brothers to be considered the Plaintiff's employer under the FLSA and NYLL.

22. Defendant Robert Gennady Vekslers is a person engaged in business in Nassau County, who is sued individually in his capacity as an owner, officer and/or agent of Vekslers.

23. Defendant Robert Gennady Vekslers exercises sufficient control over Vekslers to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

24. Defendant Robert Gennady Vekslers employed Plaintiff and similarly situated employees at all times relevant.

25. Defendant Robert Gennady Vekslers had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

## STATEMENT OF FACTS

26. Vekslers is an Asian night market and southern soul food restaurant in Cobble Hill Brooklyn, NY.

27. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without paying appropriate minimum wage required by federal and state laws.

28. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NYLL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

**Plaintiff Erazo's Employment at Vekslers**

29. From on or about October 2018 to on or about January 2022, Plaintiff worked as a deliveryman, dishwasher and cleaner on behalf of Defendants.

30. Plaintiff's job duties included delivering food, washing the dishes in the kitchen and cleaning the restaurant.

31. Throughout his employment with Defendants, Plaintiff was not compensated at the lawful New York minimum wage rate.

32. For part of Plaintiff's employment with Defendants he was not paid at the applicable FLSA minimum wage rate.

**Plaintiff Erazo's Work Schedule and Salary at Vekslers**

33. From in or about October 2018 to on or about March 2020, Plaintiff was scheduled to work three days a week.

34. From in or about October 2018 to on or about March 2020, Plaintiff worked from 4:00 p.m. to 11:00 p.m. or 12:00 a.m.

35. From October 2018 through March 2020, Plaintiff was paid $13 per hour by check.

36. From on or about April 2020 through on or about September 2020, Plaintiff worked from 8:00 a.m. to 6:00 p.m.

37. From April 2020 through September 2020, Plaintiff was paid $5 per hour by direct deposit.

38. From in or about October 2020 to on or about January 2020, Plaintiff was scheduled to work two days a week.

39. From in or about October 2020 to on or about January 2020, Plaintiff worked from 2:00 p.m. to 11:00 p.m. or 12:00 a.m.

40. From October 2020 through January 2022, Plaintiff was paid $13 per hour by direct deposit.

41. Throughout Plaintiff's employment with Defendants, Plaintiff was not required to clock-in or clock-out.

42. Throughout his employment, Plaintiff was paid in cash.

43. Plaintiff was provided with a fake paystub each time he was paid.

44. The inaccurate paystubs did not reflect the actual hours that Plaintiff worked.

45.  The inaccurate paystubs also did not reflect the actual amount he was paid.

46. Defendants never paid Plaintiff at the applicable New York minimum wage.

47. Defendants unlawfully withheld $30 a week from Plaintiff's tips to pay for internet service delivery services (e.g., Seamless, door dash).

**Plaintiff is Unlawfully Terminated**

48. Shortly prior to being terminated, Defendants informed Plaintiff that they were going to reduce his hours.

49. Plaintiff asked Defendants that if they were going to reduce his hours that in return, they could at least pay him in compliance with the New York Minimum Wage.

50. In addition, Plaintiff complained to Defendants that it was inappropriate for Defendants to deduct $30 of the tips he earned for Defendants to pay for an internet delivery service.

51. Shortly after Plaintiff informed Defendants that he sought to be paid in compliance with the minimum wage and, in addition, not to have tips be used to pay for Defendants' internet delivery service, he was terminated.

52. The decision by Defendants to terminate Plaintiff was in response to the protected activity—the request to be paid in compliance with the NYLL minimum wage and not to have tips taken to pay for Defendants' internet delivery service.

**Defendants' Violations of the Wage Theft Prevention Act**

53. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

54. Throughout the relevant time period, Defendants paid Plaintiff without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

55. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Minimum Wage

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

58. At all times relevant, Plaintiff was covered by the NYLL.

59. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

60. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

61. Through their knowledge and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

62. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act– Failure to Pay Minimum Wage

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

65. Defendants willfully failed to pay Plaintiff the appropriate minimum wage for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

66. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

67. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

68. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Wage Statements**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages;

9

hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FOURTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

75. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et*

10

*seq.*, and the supporting New York State Department of Labor Relations regulations.

76. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FIFTH CAUSE OF ACTION
**(Violation of the Tip withholding provisions of the New York Labor Law)**

77. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

78. Defendants unlawfully and without permission from Plaintiff misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiff.

79. Defendants' actions violated NYLL § 196-d.

80. Defendants are liable to Plaintiff in an amount to be determined a trial.

### SIXTH CAUSE OF ACTION
**(Retaliation Under New York Labor Law)**

81. Shortly before his termination, Plaintiff raised complaints concerning his failure to be compensated in accordance with the New York Minimum Wage Law and, in addition, the decision by Defendants to withhold $30 of tips that Plaintiff earned to pay for internet delivery subscriptions.

82. When Plaintiff raised these issues to Defendants, Defendants responded by terminating Plaintiff.

83. Defendants' retaliatory acts immediately followed Plaintiff's complaints for violations of the NYLL and such acts are in direct violation of Plaintiff's rights under NYLL.

84. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

85. Plaintiff seek relief as provided by the NYLL, including, without limitation backpay for lost wages and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, 521 Hicks Inc. d/b/a Vekslers and Eric Walter Veksler and Robert Gennady Vekslers, individually, as follows:

(a)  Damages for the unpaid minimum wages, overtime wages, unlawful retaliation and tip misappropriation and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(b)  For pre-judgment and post judgment interest on the foregoing amounts;

(c)  For the costs and disbursements of this action, including attorneys' fees; and

(d)  For such other further and different relief as this Court deems just and proper.

Dated: September 7, 2022
      New York, New York

                                   **THE LAW OFFICES OF JACOB ARONAUER**

                                   Respectfully submitted,

                                   */s/ Jacob Aronauer*
                                   Jacob Aronauer
                                   225 Broadway, 3rd Floor
                                   New York, NY 10007
                                   (212) 323-6980
                                   jaronauer@aronauerlaw.com